UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| IN THE MATTER OF THE ARBITRATION BETWEEN, | ) ) ) ) | |
| CPCONSTRUCTION PIONEERS BAUGESELLSCHAFT ANSTALT (LIECHTENSTEIN), | ) ) ) ) ) | |
| Petitioner, | ) ) | Civil Action No. 1:04-01564 (LFO) |
| v. | ) ) | |
| THE GOVERNMENT OF THE REPUBLIC OF GHANA, MINISTRY OF ROADS AND TRANSPORT, | ) ) ) ) | |
| Respondent. | ) ) | |

## AMENDED MEMORANDU M AND OPINION

CPConstruction Pioneers Baugesellschaft Anstalt (CPConstruction) petitions to confirm two foreign arbitration awards (the Awards) against the Government of the Republic of Ghana, Ministry of Roads and Transport (Ghana Ministry) rendered in Ghana by a tribunal of the International Chamber of Commerce.[1]  The Ghana Ministry's applications to set aside the Awards are still pending before the Ghana High Court, and adjournment under Article VI of the New York Convention is proper.  Therefore, an accompanying order stays Petition pending final resolution of the applications to set aside the Awards.

### I.  BACKGROUND

On December 5, 1996, the parties entered into an agreement (the Contract) in which CPConstruction agreed to construct and rehabilitate a portion of the Biriwa-Takoradi Road in the

---

[1] On August 1, 2007, the Calendar Committee reassigned this case from the late Judge John Garrett Penn to Judge Louis F. Oberdorfer [dkt #53].

Republic of Ghana (the Project). Article 67.3 of the Contract provides that the parties shall submit all disputes between them arising from the Contract or the Project to arbitration before the International Chamber of Commerce. The Contract establishes the law of Ghana as the governing law and Accra, Ghana as the venue for any arbitration proceedings. In 2000, a new Ghanaian government took power and began an investigation into alleged fraud surrounding the prior Ghanaian government's dealings with CPConstruction. In mid-2001, the Ghana Ministry suspended payments to CPConstruction, citing the alleged fraud. [2]

**A.     Arbitration and Related Proceedings in Ghana**

In March of 2002, CPConstruction initiated arbitration proceedings with the International Chamber of Commerce Arbitral Tribunal (the Tribunal) seeking payment for the Project. In its answer, the Ghana Ministry objected to the jurisdiction of the Tribunal, citing Section 27(2) of the Ghanaian Arbitration Act of 1961, which states in relevant part:

> Where an agreement between any parties provides that differences which may arise in the future between them shall be referred to arbitration, and a difference which so arises involves the question whether any such party has been guilty of fraud, the Court shall, so far as may be necessary to enable that question to be determined by the Court, have power to order that the agreement shall cease to have effect and power to give leave to revoke the authority of any arbitrator or umpire appointed by, or by virtue of the agreement.

The parties filed briefs and argued the jurisdiction issue before the Tribunal.

On April 7, 2003, the Ghana Ministry submitted an application to the Ghana High Court to revoke the authority of the Tribunal. CPConstruction filed an affidavit in opposition to the application. On April 17, 2003, the parties appeared in a hearing before the High Court. That same day, the High Court ordered that

---

[2] There is an action for fraud against CPConstruction pending in the Ghana High Court. The court does not consider this action in reaching its decision.

> the said agreement to resort to arbitration proceedings shall cease and have no effect. I hereby also grant leave to the applicant to revoke as it has been prayed for, the authority of the said arbitrator appointed under the agreement out of which I.C.C. Arbitration 12048/DB/EC (C12078/DB) emanated.

CPConstruction's appeal of this order was adjourned *sine die* at its request due to settlement negotiations; no further action has occurred.

On May 8, 2003, the Ghana Ministry informed the Tribunal via letter of its position that there were no further proceedings pending before the Tribunal.  Nevertheless, on December 22, 2003, the Tribunal issued a 57-page partial award (the First Award) holding that the Tribunal had jurisdiction to hear and determine CPConstruction's claims arising under the Contract and that the High Court order was manifestly arbitrary.  One member of the Tribunal, Dr. S.K.B. Asante, dissented.  On February 10, 2004, the Ghana Ministry submitted an application to the High Court to set aside the First Award.  On March 26, 2004, the High Court, at the joint request of the parties, adjourned consideration of the application while the parties attempted settlement.

On August 3, 2004, the Tribunal issued a partial final award (the Second Award) of approximately 24 million Euros and 22 billion Ghanaian cedis in favor of CPConstruction.  Dr. Asante again dissented.  On September 1, 2004, the Ghana Ministry submitted an application to the High Court to set aside the Second Award, which CPConstruction opposed.  On September 10, 2004, CPConstruction filed a petition in this court to confirm the Second Award.  Dkt. No. 1.

On October 2, 2006, the Tribunal issued a final award (the Final Award) of approximately 1 million Euros and approximately 2 million dollars in favor of CPConstruction. Once again, Dr. Asante dissented.  On November 21, 2006, the Ghana Ministry submitted a consolidated application to the High Court to set aside the First Award, the Second Award, and the Final Award.  On March 6, 2007, with this court's leave, CPConstruction filed its

*Amended/Supplemental Petition for Confirmation of Second and Final ICC Arbitration Awards*. Dkt. No. 36.

**B.     Procedural History**

Pending before the court are (1) the Petition, (2) the Ghana Ministry's motion to dismiss on a variety of procedural and substantive grounds, (3) the Ghana Ministry's motion to quash service of process, and (4) the Ghana Ministry's request for a stay pending the outcome of the applications in Ghana to set aside the Awards.  On October 30, 2007, the court heard arguments on these items.  That same day, the court ordered the parties to exchange settlement offers.  Dkt. No. 58.  The court delayed its decision while the parties engaged in settlement talks until July 28, 2008, when they informed the court that settlement discussions had stalled.  Dkt. Nos. 73, 74.

## II.  DISCUSSION

The court considers first the Ghana Ministry's request for a stay pending the outcome of the applications in Ghana to set aside the Awards.

**A.     Effect of Set-Aside Proceedings on the Enforceability of the Awards**

Both Ghana and the United States are parties to the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards (Convention), T.I.A.S. No. 6997, 21 U.S.T. 2517.  If the place of an arbitral award "is in the territory of a party to the Convention, all other Convention states are required to recognize and enforce the award, regardless of the citizenship or domicile of the parties to the arbitration." *TermoRio S.A. E.S.P. v. Electranta S.P.*, 487 F.3d 928, 934 (D.C. Cir. 2007) (internal quotations omitted), *cert. denied*, 128 S.Ct. 650 (2007).

> The Convention specifically contemplates that the state in which, or under the law of which, the award is made, will be free to set aside or modify an award in

>accordance with its domestic arbitral law and its full panoply of express and implied grounds for relief.  *See* Convention art. V(1)(e).   However, the Convention is equally clear that when an action for enforcement is brought in a foreign state, the state may refuse to enforce the award only on the grounds explicitly set forth in Article V of the Convention.

*Id*. at 935 (quoting *Yusuf Ahmed Alghanim & Sons v. Toys "R" Us, Inc.*, 126 F.3d 15, 23 (2d Cir.1997)).  A court may refuse to enforce a foreign arbitral award set aside by a competent authority in the country where the award originated even if the grounds for setting aside the award would be invalid in the United States.  *Id*. at 936.  To require a court to enforce awards that had been set aside by the governing authority "would seriously undermine a principal precept of the New York Convention:  an arbitration award does not exist to be enforced in other Contracting States if it has been lawfully 'set aside' by a competent authority in the State in which the award was made."  *Id*.  A court is not "free as it sees fit to ignore the judgment of a court of competent authority in a primary State vacating an arbitration award."  *Id*. at 937.

Article VI of the Convention contemplates situations such as the one before this court, in which a party brings enforcement proceedings in one country at the same time that the other party has applied to set aside an award in the country in which the award was made:

>If an application for the setting aside or suspension of the award has been made to a competent authority referred to in article V(1)(e), the authority before which the award is sought to be relied upon may, if it considers it proper, adjourn the decision on the enforcement of the award and may also, on the application of the party claiming enforcement of the award, order the other party to give suitable security.

**B.     Adjournment is Proper**

Ghana argues that it is entitled to a stay under Article VI of the Convention.  The court agrees.  The Ghana Ministry has consistently asserted that, under Section 27(2) of the Ghana Arbitration Act, its allegations of fraud remove the dispute from the Tribunal's jurisdiction.  This question is entirely controlled by Ghanaian law.  The Ghana Ministry argued this position before the Tribunal and sought (and received) an order endorsing this position from the Ghana High Court.  The members of the Tribunal disagreed about the effect of this order; one member of the Tribunal agreed with the Ghana Ministry's position that the order stripped the Tribunal of its authority.  Most importantly, the Ghana Ministry made timely applications in the Ghana High Court to set aside each of the Awards.

CPConstruction does not dispute that the Ghana High Court is a competent authority for purposes of Article VI of the Convention.  Rather, it argues that (1) the Ghana Ministry's request for a stay is "fundamentally at odds with the expedited nature of arbitration confirmation proceedings"; (2) the Ghana Ministry has not timely prosecuted its applications to set aside the Awards; and (3) the balance of hardships favor CPConstruction, the party that has provided services and not yet been paid.  Pet. Reply [Dkt. No. 42] at 24-25.  The court finds these arguments unpersuasive.

First, the Convention explicitly contemplates adjournment of enforcement proceedings under these circumstances.  Far from being at odds with the nature of arbitration confirmation proceedings, adjournments pending the completion of set-aside proceedings are an integral part of such proceedings.  *Cf. TermoRio*, 487 F.3d at 937  ("[A]ppellants are simply mistaken in suggesting that the Convention policy in favor of enforcement of arbitration awards effectively

swallows the command of Article V(1)(e)."). Second, the delays in the proceedings surrounding the Ghana Ministry's latest application to set aside the award were caused first by the illnesses and deaths of two High Court judges involved in the case and second by the parties' attempts to reach settlement.  *See* Resp. Summary & Status of the Court Proceedings in Ghana [Dkt. No. 59], Nov. 2, 2007; Joint Status Report [Dkt. No. 71], June 25, 2008.  Third, for the court to decide this issue now, it would have to decide an intricate point of Ghana law that is more properly decided by a Ghana court.  If a final Ghanaian decision setting aside the Awards existed, the court would not be "free as it sees fit to ignore [that] judgment."  *Id*;[3] *see also Telcordia Technologies*, 95 F.App'x. 361 (affirming the district court's dismissal without prejudice of a petition to enforce an award where respondent made an application to set aside the award and moved to stay proceedings pending the outcome of that application).

### III.  CONCLUSION

Having decided that adjournment under Article VI of the Convention is proper, the court need not consider the other pending matters.  An accompanying order stays the Petition.


Dated: September 23, 2008                           Louis F. Oberdorfer
                                                    UNITED STATES DISTRICT JUDGE

---

[3] There are circumstances under which the court might choose to enforce the Awards even in the face of a Ghana decision to set them aside. See, e.g., *In re Chromalloy Aeroservices*, 939 F. Supp. 907 (D.D.C. 1996) (enforcing an Egyptian arbitral award even though it had been set aside by an Egyptian court).  If the Ghana courts do set aside one or more of the Awards, CPConstruction can make its case that such circumstances exist at that time.